PEOPLE *v.* MYERS

1. WITNESSES — CREDIBILITY — CRIMINAL CONVICTION — STATUTES —
   RIGHT OF INQUIRY.

   Denial of the statutory right of inquiry into a witness' prior
   criminal conviction for the purpose of drawing in question
   the credibility of that witness is reversible error (MCLA
   § 600.2158).

2. WITNESSES — CREDIBILITY — CRIMINAL CONVICTION — STATUTES —
   RIGHT OF INQUIRY.

   The credibility of a witness, whose physical appearance was
   similar to that of defendant, was crucial to defendant's con-
   tention that he was not the person who cashed a forged check
   at a supermarket, and it was reversible error to deny defendant
   his statutory right to inquire into that witness' prior criminal
   conviction for the purpose of drawing in question his credibility,
   even though that witness had denied ever being in the super-
   market where the forged check was cashed and three other
   witnesses had identified defendant as being the person who
   cashed the check (MCLA § 600.2158).

Appeal from Genesee, Elza H. Papp, J. Sub-
mitted Division 2 October 8, 1969, at Lansing.
(Docket No. 4,169.)  Decided October 27, 1969.

Grant Myers was convicted by a jury of uttering
and publishing a forged instrument. Defendant ap-
peals. Reversed and remanded for new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 865 *et seq.*
[2] 58 Am Jur, Witnesses § 870.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Appellate Attorney, for the people.

*Sanford M. Kesten,* for defendant on appeal.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. A jury found defendant guilty of uttering and publishing a forged instrument contrary to MCLA § 750.249 (Stat Ann 1962 Rev § 28-.446). He was sentenced and he appeals. His appeal is based on allegations of procedural error at trial, one of which we find to be dispositive of the appeal.

Defendant contends he is not the person who cashed the check at a Hamady' Brothers supermarket. During the testimony of witness Giacalone for the people, it was developed that there was a similarity of physical appearance between defendant and one Charles Davis. Giacalone's testimony also placed Davis cashing a check at the Hamady Brothers supermarket where the forged check was cashed on the day it was cashed. The people then subpoenaed Charles Davis who denied ever being in the Hamady store involved. During his direct examination, Davis stated he had a criminal record. During cross-examination of Davis, defendant attempted to determine what offense Davis had been convicted of. The prosecution's objection to this line of inquiry was sustained and defendant claims this was reversible error.

We agree with defendant. MCLA § 600.2158 (Stat Ann 1962 Rev § 27A.2158) permits inquiry into a witness' prior conviction of crime for the

purpose of drawing in question the credibility of such witness. In view of Giacalone's testimony, the credibility of Davis was crucial to defendant's contention that he was not the person who cashed the check. In spite of defendant's identification as the person involved by three other witnesses, we hold that denial of defendant's statutory right of inquiry was reversible error in this instance.

Having reached this conclusion, we find it unnecessary to discuss the other grounds of appeal.

Reversed and remanded for new trial.